IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| YONG TAN WANG, | § | |
| | § | |
| *Petitioner,* | § | |
| | § | |
| v. | § | |
| | § | |
| WARDEN, IAH Secure Adult Detention | § | |
| Facility; GABRIEL MARTINEZ, Acting Field | § | |
| Office Director for the Houston Field Office, | § | |
| U.S. Immigration and Customs Enforcement, | § | CIVIL ACTION NO. 9:26-CV-00288 |
| Enforcement and Removal Operations; DAREN | § | JUDGE MICHAEL J. TRUNCALE |
| MARGOLIN, in his official capacity as | § | |
| Director of the Executive Office for | § | |
| Immigration Review; TODD LYONS, Acting | § | |
| Director of U.S. Immigration and Customs | § | |
| Enforcement; PAMELA BONDI, Attorney | § | |
| General of the United States; MARKWAYNE | § | |
| MULLIN, Secretary of Homeland Security, in | § | |
| their official capacities, | § | |
| | § | |
| *Respondents.* | § | |
| | § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Yong Tan Wang (Wang)'s Petition for Writ of Habeas Corpus (the Petition) [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

### I. BACKGROUND

Petitioner Yong Tan Wang is a Chinese national. [Dkt. 1 at ¶ 27]. Wang entered the United States illegally in June 1994 seeking asylum. *Id*. at ¶ 27-28. On March 11, 2002, an Immigration Judge issued a removal order for Wang, which became final on January 14, 2003. *Id*. at ¶ 29. On October 19, 2025, United States Immigration and Customs Enforcement ("ICE") detained Wang. *Id*. at ¶ 31.

On April 21, 2026, Wang brought a habeas corpus petition, claiming that his detention violates the Immigration and Nationality Act and the Fifth Amendment to the United States Constitution. [Dkt. 1].

1

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

Wang's petition filed two claims with his petition: (1) a violation of the Fifth Amendment's due process clause because of his prolonged detention, and (2) a violation of the Immigration and Nationality Act because his removal is not reasonably foreseeable. [Dkt. 1].

Under *Zadvydas v. Davis*, aliens subject to a final removal order cannot be detained indefinitely. 533 U.S. 678, 699 (2001). "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* Courts "must ask whether the detention in question exceeds a period reasonably necessary to secure removal," considering "the greater immigration-related expertise of the Executive Branch," "the serious administrative needs and concerns inherent in the necessarily extensive INS efforts to enforce this complex statute," and "the Nation's need to 'speak with one voice' in immigration matters." *Id.* at 700.

As guidance, the Supreme Court assumed a "presumptively reasonable period of detention" of six months. *Id.* at 700–01. After this six-month period has elapsed, the alien has the burden of demonstrating "good reason to believe that there is no significant likelihood of removal in the reasonably near future." *Id.* at 701. To carry that burden, Wang relies on the past to show the future. Since he was ordered removed, "ICE has neither obtained … the necessary travel documents from

China to effectuate Mr. Wang's removal," [Dkt. 1 at ¶ 41]. This presents two issues: timing and lack of proceedings.

On the first issue, other courts have recognized "the lack of prior third-country removal might be salient where 'there is presently no country in the world willing to accept the petitioner.'" *Surovtsev*, 2025 WL 3264479 at *8 (quoting *Munoz-Saucedo v. Pittman*, 789 F.Supp.3d 387, 399 (D.N.J. 2025)). Wang does not make such an assertion. Moreover, he fails to consider how foreign policy—which is firmly within the domain of the Executive—has changed: "the new administration [has effected] a well-known sea change in the area of third-country removals." *Id.* "In essence, turning back the clock to what could have been done before January 20, 2025 would forever bind the administration to the conduct of past administrations." *Id.*

Now for the second point: ICE has not made progress. Wang acknowledged in his petition that ICE has yet to obtain the necessary travel documents. [Dkt. 1 at ¶ 41]. If this is the case, *at this time* there is no "good reason to believe that there is no significant likelihood of removal in the reasonably near future." *Zadvydas*, 533 U.S. at 701. Wang will be deported as soon as his new travel documents arrive, which seems inevitable, there is a substantial likelihood that he will be removed in the reasonably foreseeable future. *See generally Zadvydas*, 533 U.S. at 701.

### IV. CONCLUSION

It is therefore **ORDERED** that Wang's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are hereby **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 20th day of May, 2026.**

Michael J. Truncale
United States District Judge

3